IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-62-BO

| | |
|---|---|
| MICHAEL A. SMALL, Administrator of the Estate of Bertha Autry Small, deceased,<br><br>Plaintiff,<br><br>v.<br><br>WELLDYNE, INC., a Florida Corporation; WELLDYNERX, INC., a Florida Corporation; U.S. SPECIALTY CARE, LLC, a Florida Limited Liability Company; WELLDYNE HOLDING COPORATION, a Delaware Corporation; EXACTUS PHARMACY SOLUTIONS, INC., a Delaware Corporation, and DOES 1 through 5, inclusive,<br><br>Defendants. | O R D E R |

This cause comes before the Court on defendant Exactus Pharmacy Solutions' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. A hearing was held on the motion before the undersigned on July 7, 2016, at Elizabeth City, North Carolina. For the reasons discussed below, the motion to dismiss is denied.

## BACKGROUND

Plaintiff as administrator of his late mother's estate filed this action in Cumberland County Superior Court alleging claims arising out of the grossly negligent sale, processing, handling, and delivery of prescription drugs by defendants. Defendant Exactus Pharmacy Solutions (Exactus) removed the action to this Court on the basis of its diversity jurisdiction. 28 U.S.C. §§ 1441; 1332. In his complaint, plaintiff alleges that his mother suffered from several

medical conditions and received prescriptions which were delivered to her by mail. Plaintiff alleges that on November 19, 2013, plaintiff's mother, Ms. Small, received a package from WellDyne containing six prescriptions which had been filled by Exactus. The medications she received in this shipment had not been prescribed to Ms. Small, but she did not realize this and took the medications over a period of several days. Due to the medications Ms. Small's blood pressure dropped and she suffered a fall during which she broke her left leg. Ms. Small was hospitalized and had altered mental status and recurrent infections. Her broken leg was determined to be inoperable due to Ms. Small's condition and she was discharged on December 23, 2013. She died at home on January 2, 2014, as a result of infections and other complications.

Plaintiff has alleged claims for wrongful death based on negligence, negligence per se, and breach of the implied warranty of fitness for a particular purpose, as well as claims for ordinary negligence, negligence per se, and breach of the implied warranty of fitness for a particular purpose. Exactus has moved to dismiss plaintiff's claims against it for failure to state a claim upon which relief could be granted. Fed. R. Civ. P. 12(b)(6). Specifically, Exactus argues that plaintiff's claims arise out of medical malpractice not ordinary negligence and that plaintiff has failed to plead a proper malpractice claim. Exactus further argues that plaintiff has failed to plead sufficient facts to support a claim for negligence under the doctrine of res ipsa loquitor, and that plaintiff's claim for breach of implied warranty of fitness for a particular purpose should be dismissed because Exactus is not a merchant of goods.

## DISCUSSION

Rule 8 of the Federal Rules of Civil Procedure "requires only a short and plain statement of the claim showing that the pleader is entitled to relief" and which provides "the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S.

2

89, 93 (2007) (internal quotations, alterations, and citations omitted). A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must be dismissed if the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

The Court has reviewed plaintiff's complaint in light of the applicable standard and holds that plaintiff has stated plausible claims for relief and that dismissal is not warranted at this time. First, plaintiff has sufficiently alleged claims for ordinary negligence. Plaintiff has alleged that Exactus is a full-service pharmacy that filled prescriptions for six medications which were ultimately shipped to Ms. Small. Plaintiff's allegations in support of his wrongful death claim concern improper packaging and shipping, failure to timely discover or correct errors, failure to adequately warn the decedent, and failure to adequately train, supervise, and monitor their agents and employees. Such actions may properly be considered under an ordinary negligence standard. *See, e.g. Deal v. Frye Regl. Med. Ctr., Inc.*, 202 N.C. App. 584 (2010) (unpublished) (discussing distinction between ordinary negligence and medical malpractice).

3

As to plaintiff's claims against Exactus which may be found to sound in professional and not ordinary negligence, plaintiff has complied with North Carolina's Rule 9(j), which requires physician review as a condition for filing a medical malpractice action. N.C. Gen. Stat. § 1A-1, Rule 9(j); *see also Thigpen v. Ngo*, 355 N.C. 198, 204 (2002). Plaintiff has also sufficiently stated a claim for medical malpractice, as he has identified the standard of care which Exactus has allegedly breached and the ways in which that standard was breached. Plaintiff's complaint specifically references Rule 702 of the North Carolina Rules of Evidence, which incorporates by reference the applicable standard of care for medical malpractice actions as defined in North Carolina General Statute § 90-21.12. *See also* N.C. Gen. Stat. § 8C-702. Plaintiff has further alleged, *inter alia*, that defendants failed to verify and ensure that the medications prescribed to Ms. Small were those being delivered to Ms. Small, that they failed to comply with federal requirements regarding the storage, packaging, and delivery of prescription medications, and that they failed to comply with the Rules of the North Carolina Board of Pharmacy.

Plaintiff has also sufficiently placed Exactus on notice that the allegations alternatively support a finding of negligence based on the doctrine *res ipsa loquitur*. *See Diehl v. Koffer*, 140 N.C. App. 375, 378 (N.C. App. 2000) (under *res ipsa* doctrine a plaintiff must be able to show without expert testimony that the injury was not of the type which would occur without negligence). Finally, because "North Carolina does permit a proper plaintiff to bring ordinary negligence claims, in addition to medical malpractice claims, against a health care provider," *Iodice v. United States*, 289 F.3d 270, 276 (4th Cir. 2002), plaintiff may proceed under both theories at this time.

A claim for breach of the implied warranty of fitness for a particular purpose is governed by North Carolina General Statute § 25-2-315, which requires that

4

> where a seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under the next section [G.S. 25-2-316] an implied warranty that the goods shall be fit for such purpose.

Although generally "to establish a breach of warranty, there must be evidence sufficient to show that a defect existed at the time of the sale," *Bailey v. LeBeau*, 79 N.C. App. 345, 350 (1986), where a "pharmacist did more than simply fill the prescription as ordered by the doctor," even in the absence of evidence that the medication provided was itself defective, a claim for breach of warranty may be stated. *Ferguson v. Williams*, 92 N.C. App. 336, 341 (N.C. App. 1988). The Court thus declines to dismiss plaintiff's breach of implied warranty of fitness claim at this time.

At bottom, plaintiff's complaint contains allegations which nudge plaintiff's claims across the line from conceivable to plausible and plaintiff has provided Exactus with fair notice of this claims against it. Dismissal in this posture is therefore unwarranted.

## CONCLUSION

Accordingly, for the reasons discussed above, defendant Exactus' motion to dismiss [DE 23] is DENIED.

SO ORDERED, this 13 day of July, 2016.

_Terrence Boyle_
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE