IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-62-BO

MICHAEL A. SMALL, Administrator of )
the Estate of Bertha Autry Small, deceased, )
)
       Plaintiff, )
)
v. )    O R D E R
)
WELLDYNE, INC., *et al.*, )
)
       Defendants. )

  This cause comes before the Court on the WellDyne defendants' (defendants) motion for bifurcation in which defendants seek to bifurcate the jury's determination of the issue of liability from the issue of damages, and alternatively to bifurcate the issue of liability from compensatory damages and the amount of compensatory damages from liability for punitive damages and the amount of punitive damages. Plaintiff opposes defendants' motion.

  At the outset, this Court is not required to bifurcate the trial based upon a motion by the defendants under North Carolina General Statute § 1D-30; rather, as the matter is procedural in nature, the Federal Rules of Civil Procedure apply. *Gore v. Air & Liquid Sys. Corp.*, No. 5:16-CV-716-BR, 2018 WL 4558182, at *6 (E.D.N.C. Sept. 21, 2018). Rule 42 of the Federal Rules of Civil Procedure provides that a court may order separate trial on issues for convenience, to avoid prejudice, or to expedite and economize the proceedings. Fed. R. Civ. P. 42(b). Whether to bifurcate the issues in a trial is committed to the discretion of the district court. *Shetterly v. Raymark Indus., Inc.*, 117 F.3d 776, 782 (4th Cir. 1997). However, "the bifurcation of issues and

the separate trial of them is not the usual course of events." *F & G Scrolling Mouse, L.L.C. v. IBM Corp.*, 190 F.R.D. 385, 387 (M.D.N.C. 1999).

Defendants have failed to persuade the Court that bifurcation of the issues of liability and damages in any fashion would expedite or economize these proceedings, or that not bifurcating the issues will result in confusion for the jury or inconvenience for the defendant. Where, as is the case here, there are "interwoven issues of liability and [] damages," bifurcation is generally not appropriate. *Estate of Thompson v. Kawasaki Heavy Indus., Ltd.*, 933 F. Supp. 2d 1111, 1138 (N.D. Iowa 2013). Moreover, this is not a complicated tort action, but rather a relatively straightforward negligence case. Any concern regarding the appropriateness of certain damages testimony can be addressed during the trial or with limiting instructions.

The motion for bifurcation [DE 195] is DENIED.

SO ORDERED, this 15 day of January, 2020.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE