IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:16-CV-62-BO

| | |
|---|---|
| MICHAEL A. SMALL, Administrator of the Estate of Bertha Autry Small, Deceased, <br><br>Plaintiff, <br><br>v. <br><br>WELLDYNE, INC., a Florida Corporation; WELLDYNERX, INC., a Florida Corporation; EXACTUS PHARMACY SOLUTIONS, INC., a Delaware Corporation; and DOES 1 through 5, inclusive. <br><br>Defendants. | **ORDER ON BILL OF COSTS** |

This matter is before the clerk on the defendant Exactus Pharmacy Solutions, Inc.'s motion for bill of costs [DE-175] and plaintiff Michael A. Small's motion for disallowance of costs [DE-178]. For the reasons set forth below, the motion for bill of costs [DE-175] is GRANTED in part and the motion for disallowance [DE-178] is DENIED.

**BACKGROUND**

Plaintiff initiated this action by filing a complaint in Cumberland County Superior Court, alleging claims against several defendants. Defendant Exactus Pharmacy Solutions, Inc. ("Exactus"), filed a notice of removal to this court on February 8, 2016 [DE-1]. Exactus filed a motion for summary judgment [DE-92] on October 2, 2017, as did the other named defendants. Plaintiff opposed the motions for summary judgment, but later filed a stipulation of dismissal as to certain claims against Exactus [DE-151]. The court granted the defendants' motions for

summary judgment on May 7, 2018 [DE-157] and the clerk entered judgment in favor of all defendants that same day [DE-158]. Exactus did not file a motion for bill of costs, but plaintiff filed a notice of appeal to the Fourth Circuit Court of Appeals on June 5, 2018 [DE-159].

On appeal, the Fourth Circuit affirmed the judgment as to Exactus, but reversed as to the other named defendants and remanded to this court for further proceedings [DE-172]. The Fourth Circuit issued its mandate on July 5, 2019 [DE-173], and Exactus filed a motion for bill of costs [DE-175] on July 18, 2019. Plaintiff filed the motion for disallowance [DE-178] on August 2, 2019.

## DISCUSSION

Exactus seeks costs under Rule 54(d)(1) as the prevailing party in this action. See Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."). Specifically, Exactus seeks costs for the fees it paid to the clerk to remove the action to this court, fees for transcripts of depositions and court hearings, and fees for printing appellate briefs for the Fourth Circuit Court of Appeals. Plaintiff opposes almost the entirety of the costs sought by Exactus. As Exactus observes, however, plaintiff's motion for disallowance of costs [DE-178] is untimely. Accordingly, the motion for disallowance [DE-178] is DENIED.

That does mean, however, that all of costs requested by Exactus will be awarded. Federal courts may assess only those costs listed in 28 U.S.C. § 1920. See Arlington Cent. Sch. Bd. of Educ. v. Murphy, 548 U.S. 291, 301 (2006); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987), superseded on other grounds by statute, 42 U.S.C. § 1988. Local Civil Rule 54.1 "further refines the scope of recoverable costs." Earp v. Novartis Pharmaceuticals Corp., No. 5:11-CV-680-D, 2014 WL 4105678, at *1 (E.D.N.C. Aug. 19, 2014).

2

Local Civil Rule 54.1 provides: "All applications for costs must be made 14 days after the entry of judgment." Additionally, "[t]he failure of the prevailing party to timely file a bill of costs shall constitute waiver of any claim for costs." Local Civil Rule 54.1(a)(3). In this case, judgment was entered in favor of Exactus on May 7, 2018, but Exactus did not file a motion for bill of costs within fourteen days for costs incurred prior to the entry of judgment. Instead, Exactus filed the motion for bill of costs after the Fourth Circuit Court of Appeals issued its judgment. Accordingly, pursuant to Local Civil Rule 54.1(a)(3), Exactus has waived its claim for costs it incurred prior to entry of the May 7, 2018 judgment, and costs in the amount of $3,189.56[1] are disallowed. See Tyrone v. City of Whiteville, No. 7:16-CV-300-FL, May 30, 2018 Order [DE-53] (denying motion for bill of costs filed after appeal that sought costs incurred prior to the entry of judgment in this court).

As to the costs incurred after the May 7, 2018 judgment in this court, Exactus seeks $45.00 for the transcript of the February 7, 2018 hearing it ordered for the appeal in this matter. Exactus also seeks $233.05 for costs it incurred in printing briefs for the appeal to the Fourth Circuit Court of Appeal. Federal Rule of Appellate Procedure 39 governs taxation of costs incurred during appeals. That rule provides that "[a] party who wants costs taxed must—within 14 days after entry of judgment—file with the circuit clerk, with proof of service, an itemized and verified bill of costs." Fed. R. App. P. 39(d)(1). Only certain delineated appellate costs may be sought and taxed in the district court, including "(1) the preparation and transmission of the record; (2) the reporter's transcript, if needed to determine the appeal; (3) premiums paid for a bond or other security to preserve rights pending appeal; and (4) the fee for filing a notice of appeal." Fed. R. App. P. 39(e).

---

[1] This includes $400.00 for the filing fee for removing the action to this court and $2,789.56 for costs for deposition transcripts.

3

This court's authority to award costs is limited by Rule 39(e) of the Federal Rules of Appellate Procedure. The costs sought by Exactus for printing briefs do not fall within that rule, and as such they must be disallowed in this court. See Batton v. Commc'n Workers of Am., No. 2:13CV426, 2016 WL 208518, at *2 (E.D. Va. Jan. 14, 2016) (denying a request for costs of copies of an appellate brief and appendix because the bill of cost must be filed with the circuit clerk); Stollings v. Ryobi Techs., Inc., NO. 08 C 4006, 2015 WL 4100479, at *8 (N.D. Ill. July 6, 2015) (taxing a party's costs for filing a notice of appeal but denying the remaining appellate costs "because Rule 39(e) does not cover the costs of . . . copying, or printing briefs"); Dempsey v. Colvin, No. 1:09CV790-SRW, 2013 WL 3280319, at *4 (M.D. Ala. June 27, 2013) ("The costs plaintiff incurred in copying her appellate briefs and record exerts are not among those that Rule 39 authorizes this court to tax."). The costs in the amount of $45.00 for the transcript of the February 7, 2018 hearing, however, is recoverable under Fed. R. Civ. P. 54, 28 U.S.C. § 1920(2), and Fed. R. App. P. 39(e). Accordingly, the motion for bill of costs [DE-175] is GRANTED to the extent is seeks $45.00 for the transcript costs. It is DENIED in all other respects.

## CONCLUSION

For the foregoing reasons, the motion for disallowance [DE-178] is DENIED, and the motion for bill of costs [DE-175] is GRANTED in part. As the prevailing party in this action, defendant Exactus Pharmacy Solutions, Inc. is awarded $45.00 in costs pursuant to § 1920(2). Costs in the amount of $45.00 are taxed against plaintiff and shall be included in the judgment.

SO ORDERED. This the 24 day of February, 2020.

Peter A. Moore, Jr.
Clerk of Court